IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


DAVID R. PAYNE                          )
                                        )
        v.                              )        NO. 2:14-0047
                                        )
STATE OF TENNESSEE, et al.              )



TO:     Honorable Kevin H. Sharp, District Judge



### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 14, 2014 (Docket Entry No. 3), the Court referred this pro se action

to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or

recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to

conduct further proceedings, if necessary, under Rule 72 (b) of the Federal Rules of Civil Procedure,

and the Local Rules of Court.

Presently pending before the Court are the Motion to Dismiss (Docket Entry No. 7) filed by

Defendant John Wayne Allen and the Motion to Dismiss (Docket Entry No. 9) filed by Defendants

State of Tennessee, the Tennessee Consolidated Retirement System, the Tennessee Department of

Transportation, the Tennessee Department of Human Services, Jay Bruce Saltsman, and Bill E.

Whittaker.  The plaintiff has filed a joint response in opposition to the motions (Docket Entry

No. 15).  For the reasons set out below, the Court recommends that the motions be granted.

# I. BACKGROUND

The plaintiff is a resident of Crossville, Tennessee. On May 2, 2014, he filed a <u>pro se</u> complaint against the State of Tennessee, the Tennessee Consolidated Retirement System ("TCRS"), the Tennessee Department of Transportation ("TDOT"), the Tennessee Department of Human Services ("TDHS"), Jay Bruce Saltsman, Bill E. Whittaker (collectively the "State Defendants"), and John Wayne Allen ("Allen"). The Complaint contains no specific factual allegations or a basis for federal jurisdiction. The plaintiff sets out his stated ground for relief as follows:

> predjust (sic) in hiring, discrimination in promotion, predjust (sic) in promotion, predjust (sic) against a disabled veteran, malace (sic) with intent of injury, injury, wrongfull (sic) harm @ see EEOC complaint/dept. of labor complaint.

<u>See</u> Docket Entry No. 1, at 1. In a similar manner, the statement of claims is as follows:

> long term discrimination from 1984 to present to include influncing (sic) at state commision (sic) levels and outside state means. See EEOC complaint and dept. of labor complaint.

<u>Id</u>. at 2. As relief, the plaintiff requests damages, court costs, "medical/dental," "special medical," "adjust career promotions/retirement," and "lump sum/with predjust." <u>Id</u>. at 3.

In lieu of answers, the Defendants have filed the pending motions to dismiss. Defendant Allen seeks dismissal of the action against him under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that the complaint contains no factual allegations against him, fails to satisfy even basic pleading standards, and does not state a plausible legal claim against him upon which relief can be granted. <u>See</u> Docket Entry No. 7. The State Defendants seek dismissal of the action under Rule 12(b)(5) of the Federal Rules of Civil Procedure asserting that the plaintiff has failed to effect service of process upon them. <u>See</u> Docket Entry No. 9. They argue that the plaintiff failed to serve them with a copy of the Complaint along with the summons and has, to date, failed to serve the

Tennessee Attorney General and Reporter with the summons and Complaint as is required to effect service upon the State of Tennessee, the TCRS, the TDOT, the TDHS, and Defendants Saltsman and Whittaker to the extent that they are sued in their official capacities. See Docket Entry No. 10.

In response, the plaintiff essentially asserts that he has legal claims that should be heard by the Court and offers some explanations for why he feels he has been wronged. See Docket Entry No. 15. In support of his assertions of wrongdoing, he attaches 48 pages of documents to his response, dating from 1998 to December 11, 2013. See Docket Entry No. 15-1. Although the plaintiff does not directly respond to the State Defendants' argument regarding insufficiency of service, he acknowledges that he is "having problems with the summons" and requests the help of the Court Clerk's Office because he has been unable to secure the assistance of an attorney. See Docket Entry No. 15, at 2-3.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12 of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78

S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not reflect a "hyper-technical, code-pleading regime," a complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSION

The State Defendants' insufficient service of process argument implicates the Court's jurisdiction to adjudicate the action. As such, the Court must address the argument as a threshold matter. King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012). Rule 4 of the Federal Rules of Civil Procedure mandates that a "summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served." Fed.R.Civ.P. 4(c)(1). Additionally, Rule 4(j)(2)(A)-(B) requires that the State of Tennessee and state agencies be served

by delivering a copy of the summons and complaint to its chief executive officers or serving them in the manner prescribed by state law, which in Tennessee requires service of the summons and complaint upon the attorney general or any assistant attorney general in accordance with Rule 4.04(6) of the Tennessee Rules of Civil Procedure.

The "requirement of proper service of process is not some mindless technicality." Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir.1987)). "[D]ue process requires proper service of process in order to obtain in personam jurisdiction." Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976). "Actual knowledge and lack of prejudice cannot take the place of legally sufficient service." LSJ Inv. Co., Inc., v. OLD, Inc., 167 F.3d 320, 324 (6th Cir. 1999); Friedman, supra. Rule 4(l)(1) requires that proof of service must be made to the court unless service is waived, and the Plaintiff bears the burden of showing the Defendant has been properly served with process. See Sawyer v. Lexington–Fayette Urban Cnty. Gov't., 18 Fed. Appx. 285, 287 (6th Cir. Aug. 21, 2001); Odyssey Med., Inc. v. Augen Opticos, S.A. de C.V., 2011 WL 4478873, *2 (W.D.Tenn. Sept. 26, 2011); Bateman v. United States, 2011 WL 1328897, *3 (M.D. Tenn. Apr. 5, 2011) (Haynes, J.).

Courts have broad discretion to dismiss an action in which there is improper service. See Nafziger v. McDermott Inter. Inc., 467 F.3d 514, 521 (6th Cir. 2006); Byrd v. Stone, 94 F.2d 217, 219 (6th Cir. 1996); Sherer v. Construcciones Aeronauticas, S.A., 987 F.2d 1246, 1247 (6th Cir. 1993). The plaintiff acknowledges the deficiency in his attempt to serve process upon the State Defendants but fails to indicate that he has made any attempt to rectify the insufficiency. Although the Court sympathizes with his attempts as a pro se litigant to effect proper service of process, neither the Court nor the Clerk can assist him in this endeavor. Those who proceed without counsel

5

must still comply with the procedural rules that govern civil cases.  <u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); <u>Frame v. Superior Fireplace</u>, 74 Fed.Appx 601, 603 (6th Cir. Sept. 10, 2003).  Given the plaintiff's failure to show that the State Defendants have been properly served with process or to show steps towards this goal, dismissal of the State Defendants is warranted pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Leisure v. Ohio</u>, 12 Fed.Appx. 320, 321 (6th Cir. June 11, 2011).

Irrespective of the issue of service of process, the action warrants dismissal because the Complaint filed by the plaintiff fails to satisfy basic pleading requirements and fails to state a claim for relief against any of the Defendants.  Even if the Complaint is given a liberal construction, as is required for review of <u>pro se</u> complaints, <u>see</u> <u>Boag v. MacDougall</u>, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Complaint suffers from significant deficiencies that cannot be overlooked.

As an initial matter, the Complaint does not contain any factual allegations, let alone any factual allegations that are directed at the Defendants.  Both the Court and the Defendants must guess at exactly what is being alleged by the plaintiff and what actions each of the Defendants is alleged to have taken which harmed the plaintiff.  Although the plaintiff makes brief references to employment discrimination, the references are made in a conclusory manner and are unsupported by any allegations of fact.  Merely referring to a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief which survives a motion to dismiss.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678-79.  Finally, there is nothing in the Complaint that shows a basis for federal jurisdiction over the action.  It is the plaintiff's burden to show that federal jurisdiction exists over his action, and the issue of the Court's subject matter jurisdiction to hear a case is a threshold issue

that may be reviewed by the Court at any time.  See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio, 581 F.3d 420, 423 (6th Cir. 2009); Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998).

The Complaint simply fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that the plaintiff set out a short and plain statement of a claim showing the entitlement to relief.  There is no possible way that any Defendant can answer the Complaint and no possible way for the Court to glean from the Complaint any set of factual allegations that support a recognizable claim for relief.  The rule of liberal construction of pro se complaints does not allow the Court to conjure up unpled facts, see McFadden v. Lucas, 713 F.2d 143, 147, n.4 (5th Cir. 1983); Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977), nor to create claims that have not been set out in the plaintiff's pleading.  See Brown v. Matauszak, 415 Fed. App'x 608, 613 (6th Cir. 2011); Payne v. Secretary of Treas., 73 Fed. App'x 836, 837 (6th Cir. 2003).  Although the plaintiff makes some illuminating allegations in his response to the motions to dismiss regarding the wrongs he believes that he has suffered, these allegations cannot be viewed as a de facto amendment of his Complaint. See Orea Energy Grp, LLC v. East Tenn. Consultants, Inc., 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Further, the Court cannot review the numerous pages of documents submitted by the plaintiff as exhibits to his response in order to glean on his behalf colorable legal claims and supporting allegations.  This Court is not required to create the plaintiff's claims for him, because to do so would require the Court to explore exhaustively all potential claims of a pro se plaintiff and would transform the district court "to the role of an advocate seeking out the strongest arguments and most successful strategies for a party."  See Bell v. Tennessee, 2012 WL

996560, at *9 (E.D. Tenn. March 22, 2012) (quoting Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000).

The Motion to Dismiss of Defendant Allen should be granted because the are no factual allegations contained anywhere in the complaint that refer to Defendant Allen in any manner and that support a legal claim for relief against him. Further, given the obvious pleading deficiencies in the Complaint, the action warrants dismissal against the State Defendants as well. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984).[1]


## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 7) filed by Defendant John Wayne Allen and the Motion to Dismiss (Docket Entry No. 9) filed by Defendants State of Tennessee, the Tennessee Consolidated Retirement System, the Tennessee Department of Transportation, the Tennessee Department of Human Services, Jay Bruce Saltsman, and Bill E. Whittaker be GRANTED, and that this action be DISMISSED WITHOUT PREJUDICE as to all Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made.

---

[1] This Report and Recommendation and the fourteen day period for objections to be filed by the Plaintiff satisfy the procedural requirements for a sua sponte grant of dismissal under Rule 12(b)(6) for failure to state a claim. See Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir. 1984). See also Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET  GRIFFIN
United States Magistrate Judge