**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID R. PAYNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:14-cv-0047** |
| | ) | |
| | ) | **Chief Judge Sharp** |
| **STATE OF TENNESSEE** *et al.*, | ) | **Magistrate Judge Griffin** |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is the plaintiff's objection (ECF No. 24) to the Report and Recommendation ("R&R") (ECF No. 21) filed by Magistrate Judge Juliet Griffin, recommending that the motions to dismiss (ECF Nos. 7 and 9) filed by defendants State of Tennessee, Tennessee Consolidated Retirement System, Tennessee Department of Transportation, Tennessee Department of Human Services, Jay Bruce Saltsman, and Bill E. Whittaker (collectively, the "State Defendants") and by defendant John Wayne Allen. The plaintiff has also filed a motion for a hearing (ECF No. 25), presumably to argue the merits of his objection. For the reasons set forth herein, the Court will overrule the plaintiff's objection, accept the R&R, and dismiss this matter. The plaintiff's motion for hearing will be denied as moot.

**I.      Standard of Review**

After being served with a magistrate judge's recommended disposition, any party may, within fourteen days, "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**II.      Discussion**

The plaintiff here filed a timely objection to the recommendation that his complaint be dismissed, but his objection fails to address specifically the magistrate judge's proposed findings of fact or

conclusions of law. Instead, the plaintiff asserts that he needs to conduct discovery, and he requests a hearing in order to present his evidence of damages to the Court. When, as in this case, the objecting party has not raised "proper" objections to any portion of the R&R and instead continues to contest the issue of liability generally, the Court has no obligation to conduct a *de novo* review of the magistrate judge's ruling. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly broad objections do not satisfy the objections requirement."), *abrogated on other grounds by  Jones v. Bock*, 549 U.S. 199 (2007). *Cf. Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

Notwithstanding the insufficiency of the defendant's objection, the Court has conducted a *de novo* review of the R&R and the entire record, and finds that the magistrate judge's recommendation is factually sound and legally correct. As Judge Griffin noted, the complaint contains no specific factual allegations or a basis for the exercise of federal jurisdiction. The plaintiff's stated grounds for relief merely hint at the possibility of employment discrimination on the basis of disability and wrongful denial of medical benefits, as follows:

> Predjust in hiring, discrimination in promotion, predjust in promotion, predjust against a disabled veteran, malace with intent of injury, injury, wrongfull harm @ see EEOC complaint / department of labor complaint.

(ECF No. 1, at 1 [errors in original].) His "statement of claim" is equally inscrutable:

> Long term discrimination from 1984 to present to include influencing at state commision levels and outside state means. See EEOC complaint and Dept. of Labor complaint.

(*Id.* at 2 [errors in original].)

Defendant John Wayne Allen moves for dismissal on the grounds that there are no factual allegations contained anywhere in the complaint that refer to him or support a legal claim for relief against him. (ECF No. 7.) The State Defendants move for dismissal on the grounds of ineffective service of process. (ECF No. 9.)

In her R&R, Magistrate Judge Griffin concluded that the claims against the State Defendants were subject to dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure, for insufficiency of process. Judge Griffin also concluded that, irrespective of the issue of service of process, the claims

against all defendants were subject to dismissal under Rule 12(b)(6), for failure to state a claim for which relief may be granted. As Judge Griffin stated: "[T]he Complaint does not contain any factual allegations, let alone any factual allegations that are directed at the Defendants. Both the Court and the Defendants must guess at exactly what is being alleged by the plaintiff and what actions each of the Defendants is alleged to have taken which harmed the plaintiff." (ECF No. 21, at 6.) Because the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short and plain statement of a claim showing the entitlement to relief, Judge Griffin recommends dismissal of the complaint in its entirety, without prejudice.

**III.**     **Conclusion**

The record fully supports the magistrate judge's conclusions and her recommendations. Accordingly, the Court hereby **OVERRULES** the plaintiff's objection to the R&R, **ACCEPTS** the magistrate judge's recommendation in its entirety, and **DISMISSES** this action **WITHOUT PREJUDICE**. The plaintiff's motion for a hearing is **DENIED** as moot.

It is so **ORDERED**.

This is the final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


_____
KEVIN H. SHARP
Chief Judge
United States District Court